# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In re:** <br><br> **CARL M. WILLIAMS and** <br> **MARY C. WILLIAMS** <br>         Debtor | Case No. 21-11426-elf <br> Chapter 7 |
| **DEEK INVESTMENT LIMITED PARTNERSHIP** <br>         Plaintiff/Creditor, <br> vs. <br><br> **CARL M. WILLIAMS and** <br> **MARY C. WILLIAMS** <br>         Defendant/Debtor | Adversary No. 21-00080-elf |

## ORDER

**AND NOW**, this ___ day of _____, 2022, upon consideration of Plaintiff/Creditor's Motion to Compel Discovery Responses, and any responses thereto, it is hereby **ORDERED** and **DECREED** that the Motion is **GRANTED**;

**IT IS** further **ORDERED** and **DECREED** that Defendant Carl M. Williams and Mary C. Williams shall provide full and complete response to Plaintiff's First Request for Production of Documents and copies of all responsive documents within ten (10) days of the date of this Order.

BY THE COURT:

_____
Honorable Eric L. Fox, U.S.B.J.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In re:** <br><br> **CARL M. WILLIAMS and** <br> **MARY C. WILLIAMS** <br> Debtor <br><br> **DEEK INVESTMENT LIMITED PARTNERSHIP** <br> Plaintiff/Creditor, <br><br> vs. <br><br> **CARL M. WILLIAMS and** <br> **MARY C. WILLIAMS** <br> Defendant/Debtor | Case No. 21-11426-elf <br> Chapter 7 <br><br><br><br> Adversary No. 21-00080-elf |

**PLAINTIFF/CREDITOR'S MOTION TO COMPEL DISCOVERY RESPONSES**

Plaintiff, Deek Investment Limited Partnership ("Plaintiff") by and through undersigned counsel, Sirlin Lesser & Benson, P.C., files this motion to compel discovery responses of defendant/debtor Carl M. Williams and Mary C. William ("Defendant"), and in support thereof, states as follows:

1. Plaintiff file the above adversary action based on 11 U.S.C § 727(a)(2)(A), (a)(3), (a)(4) and (5) seeking an order denying Defendant's discharge. The underlying claims relate to, among other things, Defendant's failure to provide full and complete financial documents to provide a complete and accurate picture of Defendant's financial condition and relating to Defendant's planned purchase of a new house, Defendant's alleged change in living plans and Defendant's financial resources being used to purchase a new house.

2. On or about November 23, 2021, Plaintiff served Defendants with a First Set of Requests for Documents Directed to Defendants (the "Discovery"). L.B.R. 7026-1(a). Fed. R. Civ. P. 34. A true and correct copy of the Discovery is attached hereto as **Exhibit A** and made a part hereof.

3. The Discovery seeks information and documents relevant to Plaintiff's claims.

4. Defendants' responses to the Discovery are overdue.

5. No objections to the Discovery were filed. L.B.R. 9014-2.

6. No protective order has been sought.

7. On December 29, 2021, Plaintiff's counsel sent a letter to Defendant's counsel notifying Defendant that the Discovery responses are overdue in an effort to resolve Defendant's failure to respond to the Discovery. A true and correct copy of the letter is attached hereto as **Exhibit B** and made a part hereof.

8. As of the date hereof, Defendants have not provided responses to the Discovery or produced responsive documents or responded to the letter dated December 29, 2021.

9. Plaintiff seeks an order directing Defendant to respond to the Discovery and produce the requested documents. Fed. R. Civ. P. 37; L.B.R. 7026-1(b).

10. Plaintiff's counsel certifies that Plaintiff has attempted to resolve the discovery dispute but Defendant has not responded so the parties are unable to discuss resolution.

**WHEREFORE**, Plaintiff requests an order be entered in the proposed form.

SIRLIN LESSER & BENSON, P.C.
*Attorneys for Plaintiff*

By: /s/ Adam Nachmani
Adam Nachmani, Esquire

Dated: January 13, 2022

**EXHIBIT A**

**Discovery**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **In re:**<br><br>**CARL M. WILLIAMS and<br>MARY C. WILLIAMS**<br>                                   Debtor | Case No.  21-11426-elf<br>Chapter 7 |
| **DEEK INVESTMENT LIMITED<br>PARTNERSHIP**<br>                              Plaintiff/Creditor,<br>vs.<br>**CARL M. WILLIAMS and<br>MARY C. WILLIAMS**<br>                              Defendant/Debtor | Adversary No. 21-00080-elf |

**PLAINTIFF'S FIRST SET OF REQUEST FOR DOCUMENTS
DIRECTED TO DEFENDANTS**

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff, Deek Investment Limited Partnership, ("Plaintiff"), through its undersigned counsel, hereby propounds this First Set of Requests for Documents to Defendants, Carl M. Williams and Mary C. Williams (collectively, "Defendant").

**I.      Definitions and Instructions**

1.      The "Action" refers to the allegations appearing in the complaint filed by Plaintiff and the answer filed by Defendants in the above-captioned action.

2.      The "Complaint" refers to the complaint filed by Plaintiff in this Action.

3.      When referring to a person, "identify," "to identify" or "an identification" mean to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

4.      When referring to documents, "identify," "to identify" or "an identification" mean

1

to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s) and recipient(s).

     5.     When referring to a tangible thing, "identify," "to identify" or "an identification" mean to give (a) its customary name or description and identifying number, if any, (b) the date the tangible thing was made, produced, and, if you did not make or produce the tangible thing, the date you acquired it, (c) the identity of each person or entity who made the tangible thing, (d) the identity of each person or entity who has possession, custody, or control of the tangible thing or any copy thereof.

     6.     The terms "state," "describe" or "description," when used with respect to any act, actions, accounting, activity, audit, practice, process, occurrence, occasion, course of conduct, happening, negotiation, relationship, scheme, communication, conversation, conference, discussion, meeting, development, service, transaction, instance, incident or event, mean provide the following information: its general nature; the time and place thereof; a chronological account setting forth each element thereof, what such element consisted of and what transpired as a part thereof; and the identity (as defined above) of each person who performed any function or had any role in connection therewith (e.g., speaker, participant, contributor of information, witness, etc.) or who has any knowledge thereof, together with a description of each such persons function, role or knowledge.

     7.     The term "reflect" means embody, contain, record, note, refer to, relate to, describe, be relevant to, state or mention.

     8.     Whenever you are requested to "state the basis" for a particular contention or denial, you are requested to provide the following specific information as to each such allegation: each and every fact upon which you based the contention or denial; identify each

person with knowledge of the facts allegedly supporting the contention or denial and the scope of knowledge of each such person; and all Documents or Communications that you contend support the contention or denial.

9. The phrases and terms "relating to," "concerning" or "referring to" include, but are not limited to, embodies, constitutes, comprises, consists, underlies, connected with, about, regarding, mentioning, discussing, describing, and/or has any logical or factual connection with the subject matter of the document category in which such terms or phrase is used.

10. The terms "Document" or "Documents" shall be defined broadly and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in Defendant's actual or constructive possession or control, regardless of the medium on which they are produced, reproduced, or stored (including computer programs and files containing any requested information), any electronic mail, recording, or writing, as these terms are defined in Federal Rule of Evidence 1001, and any form of electronic communication or data storage. Any Document bearing marks, including initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate Document for purposes of these requests.

11. The terms "Communication" or "Communications" mean any document, correspondence, letter, memorandum, email (including attachments), meeting, telephone call, note, fax or other transfer or exchange of information, whether written, oral, electronic or by any other means. The term "Communication" shall refer to all internal documents as well as all transfer or exchange of information with other persons.

3

12. These requests are of a continuing nature, and Defendant is required to file and serve supplemental responses promptly if Defendant obtains further or different information after the date of Defendant's initial answer and before this case is completed.

13. If any document requested by these requests for documents is withheld on the basis of privilege, immunity, or any similar claim, specify: (i) the date and manner of recording, creating, or otherwise preparing the document, communication, or thing; (ii) the identity of each sender of the document, communication, or thing; (iii) the identity of all persons who participated in the preparation of the document, communication, or thing; (iv) the identity of all persons to whom the contents, or any portion of the contents, of the document, communication, or thing have been communicated by copy, exhibition, reading, or summarization; and (v) a statement of the basis on which privilege is claimed with respect to each document, communication, or thing.

14. The following rules of construction apply to all requests:

   a) The singular form of any word includes the plural, and the plural form includes the singular;

   b) The past tense of any verb includes the present tense and the present tense includes the past tense;

   c) The term "person" refers to both the plural and the singular, of any natural person, firm, corporation, association, group, organization or entity, unless otherwise specifically stated;

   d) The terms "all" and "each" shall be construed as all and each; and

   e) The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

15. Unless otherwise specified, the relevant period of these requests runs from January 1, 2019 to the present.

4

**II.     Requests for Documents**

1. Produce all documents that relate to the matters raised in this Action.

2. Produce all documents that you intend to use as exhibits at trial.

3. Produce your complete federal, state and local tax returns filed for the last two (2) tax years.

4. Produce your last twelve (12) months of bank statements.

5. Produce all documents including, without limitation, communications, brochures, offers, contracts, receipts, invoices and payments, made in relation to your purchase and/or intended purchase of a new home in the last two (2) years.

6. Produce all documents relating to your alleged lease of an apartment during the last two (2) years.

7. Produce all documents that relate to any defenses you assert to the Action.

8. Produce all documents you supplied to your expert.

9. Produce all documents reviewed by your expert.

10. Produce all documents that you believe support the relief you seek.

**SIRLIN LESSER & BENSON, P.C.**

By: */s/ Adam Nachmani*
Peter A. Lesser, Esquire
plesser@sirlinlaw.com
Adam Nachmani, Esquire
anachmani@sirlinlaw.com
William E. Viss, Esquire
Wviss@sirlinlaw.com
123 S. Broad St., Suite 2100
Philadelphia, PA 19109
Phone: (215) 864-9700
Fax:    (215) 864-9669
*Attorneys for Plaintiff*
*Deek Investment Limited Partnership*

Dated: November 23, 2021

5

## **CERTIFICATE OF SERVICE**

I, Adam Nachmani, hereby certify that on November 23, 2021, I caused a true and correct copy of the foregoing Plaintiff's First Set of Requests for Documents to Defendant to be served on the following via email and/or U.S. first class mail, postage prepaid:

| | |
|---|---|
| Stanley E. Luongo, Jr., Esquire<br>Luongo Bellwoar LLP<br>126 West Miner Street<br>West Chester, PA 19382<br>stan.luongo@luongobellwoar.com<br>*Attorney for Defendants/Debtors*<br>*Carl M. Williams and Mary C. Williams* | Office of the United States Trustee<br>200 Chestnut Street, Suite 502<br>Philadelphia, PA 19106 |
| Christine C. Shubert, Esquire<br>821 Wesley Avenue<br>Ocean City, NJ 08226<br>christine.shubert@comcast.net | |

*/s/ Adam Nachmani*
Adam Nachmani, Esq.

# EXHIBIT B

# Overdue Discovery Letter

# SIRLIN LESSER & BENSON, P.C.

A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

**JON C. SIRLIN**
**PETER A. LESSER***
**JOHN D. BENSON***
**SUSAN J. KUPERSMITH* †**
**DANA S. PLON***
**DOROTHYANNE HAMILL***
**LISA M. RUTENBERG****
**PATRICK J. TROY**
**ADAM NACHMANI***
**CHRISTOPHER R. KING****
**JERRY I. DREW**

† COUNSEL

* PA & NJ BAR
** PA, NJ & MD
*** PA, NJ, DE & NY

PENNSYLVANIA OFFICE
123 S. BROAD STREET
SUITE 2100
PHILADELPHIA, PA  19109
(215) 864-9700
FAX (215) 864-9669

NEW JERSEY OFFICE
102 BROWNING LANE
BUILDING C
CHERRY HILL, NJ  08003
(856) 616-1900
FAX (856) 216-7459

Email: anachmani@sirlinlaw.com
Phone: (610) 420-2907

December 29, 2021

**Electronic Mail Only**
**(stan.luongo@luongobellwoar.com)**
Stephen E. Luongo, Jr., Esquire
Luongo Bellwoar LLP
126 West Miner Street
West Chester, PA 19382

Re:   **In re Carl M. Williams and Mary C. Williams**
United States Bankruptcy Court, E.D. Pa., No. 21-11426-elf
**Deek Investment Limited Partnership v. Carl M. Williams and Mary C. Williams**
United States Bankruptcy Court, E.D. Pa., Adversary No. 21-00080-elf
Our File No.

Dear Mr. Luongo:

Plaintiff's First Set of Requests for Documents Directed to Defendants ("Discovery") were served on November 23, 2021. As of the date hereof, no objections or responses to the Discovery have been received. The Discovery is now overdue. Unless I receive complete responses to the Discovery pursuant to the Rules within five (5) days of the date hereof, I will be compelled to file an application with the Court and/or submit a letter to the Assigned Judge. Please be guided accordingly.

Very truly yours,

ADAM NACHMANI

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In re:**<br><br>**CARL M. WILLIAMS and**<br>**MARY C. WILLIAMS**<br>                    Debtor | Case No. 21-11426-elf<br>Chapter 7 |
| **DEEK INVESTMENT LIMITED**<br>**PARTNERSHIP**<br>                Plaintiff/Creditor,<br><br>vs.<br><br>**CARL M. WILLIAMS and**<br>**MARY C. WILLIAMS**<br>                Defendant/Debtor | Adversary No. 21-00080-elf |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Plaintiff/Creditor's Motion to Compel Discovery Responses was served upon the following parties and/or their respective counsel of record on January 13, 2022:

*Via Electronic Mail and PACER*
Stanley E. Luongo, Jr., Esquire
Luongo Bellwoar LLP
126 West Miner Street
West Chester, PA 19382
stan.luongo@luongobellwoar.com
*Attorney for Debtors*
*Carl M. Williams and Mary C. Williams*

*Via First Class Mail*
Office of the United States Trustee
200 Chestnut Street, Suite 502
Philadelphia, PA 19106

*Via Electronic Mail*
Christine C. Shubert, Esquire
821 Wesley Avenue
Ocean City, NJ 08226
christine.shubert@comcast.net

                                              SIRLIN LESSER & BENSON, P.C.
                                              *Attorneys for Plaintiff*
            By:
                                              */s/ Adam Nachmani*
                                              Adam Nachmani, Esquire